IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ALBERT VAN WILLIAMS, III                                                                PLAINTIFF

v.                            Civil No. 6:17-CV-06067

SHERIFF MIKE CASH and JAIL                                                          DEFENDANTS
ADMINISTRATOR MIKE FAIN

## ORDER

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.*

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I.     BACKGROUND

Plaintiff filed his Complaint on August 3, 2017. (ECF No. 1). He alleges he is being denied access to a law library while incarcerated on pending capital murder and kidnapping charges in the Hot Spring County Jail. (ECF No. 2 at 3-4). Plaintiff alleges he needs the proper material to represent himself in a "pro se man[n]er." (ECF No. 2 at 5). He further alleges that, because the jail considers itself a temporary facility, the "standing policy" is to not have a law library and to deny pre-trial Defendants access to proper legal materials. (ECF No. 1, p. 5).

Plaintiff proceeds against all Defendants in their official capacity only. (ECF No. 2 at 4). Plaintiff seeks the installation of a law library at the Hot Springs County Jail. (ECF No. 2 at 8).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8 Cir. 1985).

## III. ANALYSIS

Plaintiff's case is barred by the *Younger* abstention doctrine. Pursuant to *Younger v. Harris,* 401 U.S. 37 (1971), federal courts are required to abstain from hearing cases when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland,* 76 F.3d 957, 959 (8th Cir. 1996)). Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to that proceeding should be raised there. *Meador v. Paulson*, 385 Fed. App'x 613 (8th Cir. 2010); *see also Gillette v. N. Dakota Disc.*

*Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010) ("federal courts may not enjoin pending state court criminal proceedings absent a showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief.") (internal quotations omitted)).

"[I]]nmates undeniably enjoy a constitutional right of access to the courts and the legal system." *Bounds v. Smith*, 430 U.S. 817 (1997). The right of access requires the provision of "prisoners with adequate law libraries or adequate assistance from persons trained in the law," *Bounds*, 430 U.S. at 828, to challenge their criminal charges, convictions, and sentences directly or collaterally. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Research by the Court indicates that Plaintiff's state criminal case for capital murder and kidnapping, (*State v. Williams & Tadlock*, 30CR-17-230 (Ark. Cir. Ct., Hot Spring County), is still ongoing and that Plaintiff has been appointed a Public Defender to represent him in the pending case. Thus, this Court is required to abstain from hearing the case because there is an ongoing state criminal case. Plaintiff is advised to raise any constitutional concerns he might have with his appointed attorney.

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

Judgment will be entered accordingly.

IT IS SO ORDERED this 25th day of September 2017.

/s/ P. K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE